ORIGINAL

SHAWN A. LUIZ 6855
Attorney at Law
1132 Bishop Street
Suite 1520
Honolulu, Hawaii 96813
Telephone: (808) 538-0500
Facsimile: (808) 538-0600
attorneyLuiz@msn.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 28 2011

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMMANUEL TEMPLE, THE HOUSE OF PRAISE; CARL E. HARRIS; LIGHTHOUSE OUTREACH CENTER ASSEMBLY OF GOD; JOE HUNKIN, JR.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEIL ABERCROMBIE, in his official capacity as Governor of the State of Hawaii; LORETTA J. FUDDY, in her official capacity as Director of Health of the State of Hawaii; STATE OF HAWAII,<br><br>Defendants. | CIVIL NO. CV11 00790 JMS KSC<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; SUMMONS** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COMES the Plaintiffs, EMMANUEL TEMPLE, THE HOUSE OF PRAISE, CARL E. HARRIS, LIGHTHOUSE OUTREACH CENTER ASSEMBLY OF GOD; and JOE HUNKIN, JR. by and through their attorney, Shawn A. Luiz, Esq., and complaining of the Defendants, and alleges and says:

## NATURE OF CLAIMS

1. This is a civil action for declaratory and injunctive relief and attorney fees and costs. Plaintiffs bring this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, the 1st, 5th and 14th Amendments to the U.S. Constitution to correct and remedy unlawful infringement of Plaintiffs' federal constitutional rights as citizens of the United States of America. The Hawaii State statute, Act 1, is unconstitutional in its present form. The STATE OF HAWAII, through its agents is attempting to infringe and interfere with the Plaintiffs' federal constitutional rights by enacting a state statute infringing on said rights. Alternatively, the statute has an adverse impact infringing and interfering with the Plaintiffs' federal constitutional rights by enacting a state statute infringing and interfering with said rights.

2. Plaintiffs seek a declaration from this court that the Defendants' acts, as more particularly set forth in this complaint, violates their rights under the foregoing constitutional provisions.

3. Plaintiffs further seek a permanent injunction, ordering the Defendants to cease and desist from continuing in the foregoing violations of law.

## PARTIES

4. Plaintiff EMMANUEL TEMPLE, THE HOUSE OF PRAISE is a Domestic Nonprofit Corporation whose purpose is to advance and promote the worship of God; to engage in and promote the study of the Holy Scriptures; and to advance the gospel of Jesus Christ. Plaintiff, CARL E. HARRIS at all times relevant to the matters alleged here, is a Bishop and Pastor of Emmanuel Temple, House of Praise and is a resident of Honolulu, Hawaii. Plaintiff LIGHTHOUSE OUTREACH CENTER ASSEMBLY OF GOD is a Domestic Nonprofit Corporation whose purpose is for religious purposes to worship the Lord, Sunday school, outreach program, day care, men & women ministry assoc.; JOE HUNKIN, JR. is a Pastor of Lighthouse Outreach Center Assembly of God and is a resident of Honolulu, Hawaii.

5. Defendants are the State of Hawaii as the principal and employer of its agents and employees; Defendant NEIL ABERCROMBIE in his official capacity as Governor of the State of Hawaii; As Governor of the State of Hawaii, Defendant NEIL ABERCROMBIE is the final decision maker who signed into law Act 1. Defendants at all times pertinent hereto, were and are located in the District of Hawaii. As a final decision maker, Governor ABERCROMBIE is ultimately

responsible for ensuring compliance with all applicable federal statutory laws, including but not limited to, the First Amendment, Due Process Clause to the Fifth Amendment of the United States Constitution, made applicable upon the states by the Fourteenth Amendment and other federal law referenced above.

6. LORETTA J. FUDDY is sued in her official capacity as Director of Health of the State of Hawaii. As a final decision maker, Director Fuddy is ultimately responsible for ensuring compliance with all applicable federal statutory laws, including but not limited to, the First Amendment, Due Process Clause to the Fifth Amendment of the United States Constitution, made applicable upon the states by the Fourteenth Amendment and other federal law referenced above.

7. At all times relevant hereto, the Defendants, and each of them, were operating under color of law, custom and usage of the State of Hawaii. Each of the Defendants is responsible, and liable, jointly and severally, for the events herein alleged, or in omitting to do those acts as legally required, in that individually and/or collectively, they have caused Plaintiffs a serious deprivation of their rights and serious injury. Each Defendant has acted throughout as an agent for each and all other Defendants.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction of the federal claims asserted here pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and 42 U.S.C. § 1983.

9. Declaratory and injunctive relief may be granted based upon 28 U.S.C. §§ 2201 and 2202, and Rules 54, 57, 58 and 65 of the Federal Rules of Civil Procedure.

10. The unlawful practices complained of in this complaint occurred, and the records relevant to this matter are maintained and administered, within the District of Hawaii, and venue is proper within this District pursuant to 28 U.S.C. § 1391 (b).

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

11. On or about February 24, 2011, Governor Abercrombie signed into law Act 1.

12. Between August and November of 2011, a special task force pursuant to a House Resolution was convened to implement Act 1.

13. Neither Act 1 not it's implementing regulations exempts religious institutions, churches and houses of worship, clergy, officers and members from being subject to the injunctive relief provision and/or fine provisions of HRS 489.

14. Within the last 12 months, private individuals have already initiated complaints with the Hawaii Civil Rights Commission against churches and houses of worship for refusing to rent their facilities for same sex unions and/or marriage ceremonies.

15. The Hawaii Civil Rights Commission's pending investigations (1), have a chilling effect on Plaintiffs' free exercise of religion, and (2), compel Plaintiffs' to hire legal counsel to prepare legal defenses against imminent complaints and lawsuits for a guaranteed Federal Constitutional Right.

16. The actions of the Defendants described in this Complaint constitute willful misconduct. The Defendants have acted wrongfully, oppressively, or with malice, which evidences a spirit of discrimination or criminal indifference to civil obligations.

17. The actions of the Defendants as described in this Complaint were intentional and unreasonable. Alternatively, Act 1 has a disparate impact on churches and houses of worship.

18. This is a cause of action arising at all times in accordance with 42 U.S.C § 1983 and the First; Fifth and Fourteenth Amendments to the U.S. Constitution.

19. Defendants' actions violate Plaintiffs' rights under the First Amendment; Due Process Clause of the Fifth Amendment to the United States Constitution that are made applicable to the states by the Fourteenth Amendment. These violations are actionable under 42 U.S.C. § 1983. Plaintiffs were entitled to freedom of speech, association and religious liberty; Plaintiffs are immediately subject to the imminent threat of Civil Rights Complaints upon Act 1 taking effect

on January 1, 2012; each of the Defendants has ratified the decisions of the other Defendants.

**WHEREFORE**, the Plaintiffs demand judgment as follows:

(a)  Declaring that the acts and practices complained of here are in violation of the Plaintiffs rights as secured by Section 1983.

(b)  Preliminarily and permanently restraining and enjoining the defendants and their agents from any conduct violating the Plaintiff's rights as secured by Section 1983.

(c)  For the recovery of costs and attorney fees as provided by statute.

(d)  For such other and further relief as the Court may deem just, fit and proper.

DATED:  Honolulu, Hawaii, December 28, 2011.

_____
SHAWN A. LUIZ

Attorney for Plaintiffs