DAVID M. LOUIE        2162
Attorney General of Hawaii

CARON M. INAGAKI    3835
JOHN F. MOLAY        4994
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1494
Facsimile:  (808) 586-1369
E-Mail:  John.F.Molay@hawaii.gov

Attorneys for Defendants
NEIL ABERCROMBIE, LORETTA J. FUDDY,
and STATE OF HAWAII

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMMANUEL TEMPLE, THE HOUSE OF PRAISE; CARL E. HARRIS; LIGHTHOUSE OUTREACH CENTER ASSEMBLY OF GOD; JOE HUNKI, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>NEIL ABERCROMBIE, in his official capacity as Governor of the State of Hawaii; LORETTA J. FUDDY, in her official capacity as Director of Health of the State of Hawaii; STATE OF HAWAII,<br><br>Defendants. | CIVIL NO.  11-00790 JMS-KSC<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER; CERTIFICATE OF SERVICE |

## TABLE OF CONTENTS

SECTION                                                                 PAGE

TABLE OF AUTHORITIES                                                      ii

1.   Question Presented                                                    1

2.   Review of Plaintiffs' Complaint and Motion for
     Temporary Restraining Order                                          2

3.   This Court Lacks Subject Matter Jurisdiction                          5

4.   This Case is Not Ripe for Adjudication                                8

5.   Plaintiffs Lack Standing to Seek Injunctive Relief
     Against Defendants                                                   10

6.   Plaintiffs Fail to Meet Criteria for a
     Temporary Restraining Order                                          12

A.   Plaintiffs Are Not Likely to Succeed on the Merits                   13

B.   Plaintiffs Have an Adequate Remedy at Law                            14

C.   The Balance of Hardships Favors the State                            14

D.   The Public Interest Favors the State                                 15

7.   Conclusion                                                           16

TABLE OF AUTHORITIES

CASE                                                          PAGE(S)

*Abbott Labs v. Gardner,*
    387 U.S. 136 (1967)                                      9

*Alliance for the Wild Rockies v. Cottrell,*
    632 F.3d 1127 (9th Cir. 2010)                            12

*Armstrong World Indus., Inc. v. Adams,*
    961 F.2d 405 (3rd Cir. 1992)                             8

*Babbitt v. United Farm Workers Nat'l Union,*
    442 U.S. 289 (1979)                                      9

*Baker v. Carr,*
    369 U.S. 186 (1962)                                      10

*Boy Scouts of America v. Dale,*
    530 U.S. 640 (2000)                                      13

*City of Kansas City, Mo. V. Yarco Co., Inc.,*
    625 F.3d 1038 (8th Cir. 2010)                            5

*Epileptic Foundation v. City and County of Maui,*
    300 F. Supp. 2d 1003 (D. Haw. 2004)                      4

*Flast v. Cohen,*
    392 U.S. 83 (1968)                                       10

*Florida Audubon Society v. Bentsen,*
    94 F.3d 658 (D.C. Cir 1996)                              5

*Friends of the Earth , Inc. v. Laidlaw Envtl. Servs. (TOC)*, Inc.,
    528 U.S. 167 (2000)                                      10

*Gospel Missions of Am. v. City of Los Angeles,*
    328 F.3d 548 (9th Cir. 2003)                             6

*Gun Owners' Action League, Inc. v. Swift*,
    284 F.3d 198 (1st Cir. 2002)              9

*Jackson v. California Dept. of Mental Health*,
    399 F.3d 1069 (9th Cir. 2005)          10

*Kolender v. Lawson*,
    461 U.S. 352 (1983)           11

*LaDuke v. Nelson*,
    762 F.2d 1318 (9th Cir. 1985)          11

*Lee v. Oregon*,
    107 F.3d 1382 (9th Cir. 1997)          6

*Los Angeles v. Lyons*,
    461 U.S. 95 (1983)          10, 11

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)          5

*McInnis-Misenor v. Maine Med. Ctr.*,
    319 F.3d 63 (1st Cir. 2003)          9

*New Mexicans for Bill Richardson v. Gonzales*,
    64 F.3d 1495 (10th Cir. 1995)          8, 9

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)          10

*Renne v. Geary*,
    501 U.S. 312 (1991)          8

*Restigouche, Inc. v. City of Jupiter*,
    59 F.3d 1208 (11th Cir. 1995)          8

*S. Jackson & Son, Inc., v. Coffee, Sugar & Cocoa Exch. Inc.*,
    24 F.3d 427 (2nd Cir. 1994)          5

*San Diego County Gun Rights Comm. v. Reno*,

98 F.3d 1121 (9th Cir. 1996)                                  6

*Utah Ass'n of Counties v. Bush,*
     455 F.3d 1094 (10th Cir. 2006)                          5

*Valley Forge Christian College v. Americans United for
Winter v. Natural Res. Def. Council,*
     555 U.S. 7 (2008)                                       12

*Separation of Church and State, Inc.,*
     454 U.S. 464 (1982)                                     7

*Van Arsdale v. Texas A&M Univ.,*
     628 F.2d 344 (5th Cir. 1980)                            14

*Ward v. Walsh,*
     1 F.3d 873 (9th Cir. 1993)                              14

*Whitmore v. Arkansas,*
     495 U.S. 149 (1990)                                     6


OTHER AUTHORITY                                         PAGE(S)

U.S. Const., art III. § 2                                    5

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER

1.     Question Presented

The question presented in Plaintiffs' Motion is:  Should this Court issue a

Temporary Restraining Order requiring that Defendants cannot implement the

provisions of Chapter 572B, Hawaii Revised Statutes[1] until a trial on the merits of

Plaintiffs' claim that the provisions of Chapter 352B violate their federal civil

rights?  This Court should answer that question in the negative because:

- The Court lacks the subject matter jurisdiction to entertain Plaintiffs'
  Motion;

- This case is not ripe for adjudication;

- Plaintiffs lack standing to obtain injunctive relief;

- Plaintiffs fail to meet criteria for a temporary restraining order;

- Plaintiffs are not likely to succeed on the merits;

- Plaintiffs have an adequate remedy at law;

- The balance of hardships favors the State; and

- The public interest favors the State

---

[1] The codification of Act 1, SLH 2011, providing for the establishment of civil unions.  Notably, civil unions are not restricted to persons of the same sex.

2.   Review of Plaintiffs' Complaint and Motion for
     Temporary Restraining Order

The Complaint, filed at 11:40 a.m. on December 28, 2011 sets forth that the

Plaintiffs are Carl E. Harris who is the Bishop and Pastor of Plaintiff Emmanuel

Temple, a corporation.  The other Plaintiffs are Joe Hunkin, Jr., the Pastor of

Plaintiff Lighthouse Outreach Center Assembly of God, a corporation.  The action

is not pled as a class action.[2]

The Defendants are Neil Abercrombie, the Governor of the State of Hawaii,

Loretta J. Fuddy, Director of the State of Hawaii Department of Health, and the

State of Hawaii itself.

The action is being brought pursuant to 42 U.S.C. § 1983 based on

Plaintiffs' belief that the provisions of Chapter 572B, Hawaii Revised Statutes

violates Plaintiffs' federal civil rights pursuant to the First, Fifth and Fourteenth

Amendments.

According to the Complaint, the provisions of Chapter 352 went into effect

on February 24, 2011.  Chapter 352B does not contain any provisions which

exempt religious institutions from the provisions of Chapter 489, Hawaii Revised

---

[2] Although Plaintiffs' counsel mentioned he may "amend" to change the case to a
class action, he will still need to add one or more parties, since none of the current
Plaintiffs appears to be a suitable class representative, for the reasons set forth
below.

Statutes[3].  Within the last 12 months private individuals have lodged complaints with the Hawaii Civil Rights Commission against religious institutions for refusing to rent their facilities for same sex unions.[4]

**The Complaint does not state that any persons that are considering entering into same-sex civil unions have sought to rent Plaintiffs' facilities or that any investigation of the Hawaii Civil Rights Commission has been directed toward them.**

Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction contemporaneously with their Complaint.  Their Motion requests this Court issue a Temporary Restraining Order requiring that Defendants cannot implement the provisions of Chapter 572B, Hawaii Revised Statutes until a trial on the merits of Plaintiffs' claim that the provisions of Chapter 352B violate their federal civil rights .  In support of this Motion, Plaintiffs offered the following evidence by way of declaration of Carl E. Harris:

He is the Bishop and Pastor of Emmanuel Temple, a domestic nonprofit corporation and a religious institution.  He does not believe that same Chapter 352B, same-sex marriages and civil unions conform with the teachings of Jesus Christ.  In Hawaii, and other states, same sex couples have attempted to rent the

---

[3]  That Chapter generally prohibits discrimination in public accommodation, based on, *inter alia*, sexual orientation.

[4]  Defendants are not repeating Plaintiffs' legal conclusions, only the facts pled in the Complaint.

premises of religious institutions for the purpose of conducting civil unions and receptions.  He is aware that the Hawaii Civil Rights Commission[5] accepted a complaint from a same sex couple who attempted to rent the premises of a religious institution for the purpose of performing a same sex marriage.[6]  This complaint is still pending.

**This Declaration does not state the following: That any person has sought to rent any of Plaintiffs' premises for the purpose of conducting ceremonies to solemnize a civil union (HRS 357B-4(a)) or for a reception to commemorate the solemnization of a civil union; That any person has been refused the right to rent any of Plaintiffs' premises for purposes Plaintiffs find objectionable; That any person has filed a complaint with the Hawaii Civil Rights Commission against any Plaintiff relating to Plaintiffs' refusal to comply with rent any premises to persons for purposes Plaintiffs find objectionable; That the Hawaii Civil Rights Commission has opened up an investigation involving any Plaintiff for refusing to rent their premises to person wishing to solemnize civil unions or for a reception; or That any**

---

[5]  It is unclear why Plaintiff is focusing on the Hawaii Civil Rights Commission. Judge Ezra has previously ruled that an exhaustion of remedies through that body is not required prior to bringing an individual bringing an action against the offending party.  See *Epileptic Foundation v. City and County of Maui*, 300 F. Supp. 2d 1003, 1017 n. 35 (D. Haw. 2004)

[6]  Defendants note that same sex marriages are still illegal in Hawaii, and will remain so even after implementation of civil unions.

**Plaintiff is required to pay any monetary damages or attorneys' fees for refusing to rent their premises to person wishing to solemnize civil unions or for a reception.**

**The lack of any of these facts dooms Plaintiffs' Motion to failure.**

3.  <u>This Court Lacks Subject Matter Jurisdiction</u>

The judicial power of the United States extends to specified cases and controversies.  U.S. Const., art III. § 2.  Because Article III is a limit on judicial power, a federal court will not have subject matter jurisdiction over an action absent the requisite case or controversy.  *S. Jackson & Son, Inc., v. Coffee, Sugar & Cocoa Exch. Inc.,* 24 F.3d 427, 431 (2nd Cir. 1994).  Standing addresses who may bring suit.  *Florida Audubon Society v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir 1996) (plaintiff must show it is "proper" party).  Standing is determined at the time of filing suit.  *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1099-1101 (10th Cir. 2006) (injury must exist at time complaint is filed).

To have standing, a plaintiff must show he suffered an injury-in-fact and the injury must have affected him in a personal and individual way.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992).   At an "irreducible minimum," the party who invokes the court's authority must show he or she has personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.  *See City of Kansas City, Mo. V. Yarco Co., Inc.,*

625 F.3d 1038, 1040 (8th Cir. 2010) (city did not have standing to sue allegedly discriminating landlord under Fair Housing Act because city did not allege any injury to itself).

An injury that is merely conjectural, speculative or hypothetical will not satisfy the injury-in-fact component of standing. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (mere possibility of criminal sanctions does not satisfy injury-in-fact requirement); *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003) (religious nonprofit corporation lacked standing to challenge professional fundraising provisions of local ordinance as violating First Amendment right to hear speech or be solicited because allegations raised only mere possibility of future injury).

The intensity of the litigant's interest or motivation or the fervor of his or her advocacy is not a substitute for a showing of injury. See *Lee v. Oregon*, 107 F.3d 1382 (9th Cir. 1997) (nursing home owners and administrators did not have standing to challenge physician-assisted suicide law on ground they might be forced to participate in suicide in violation of their religious beliefs; plaintiffs' injuries was not concrete and particularized because law did not impose penalties on those that refused to implement it)

A second prong of the standing criteria under Article III's case-or-controversy requirement constitutes the traceability or causation component of the doctrine.  A litigant must satisfy the causation prong by showing the injury "fairly can be traced to the challenged action."  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).  Notably, Plaintiff is challenging the implementation of the civil unions bill.  However, Plaintiffs' real complaint appears to be that the law did not have any exemption for religious organizations from Hawaii's discrimination laws.  Arguably, Plaintiffs' injuries do not arise out of the passage of Act 1, SLH, but the decision of the legislature to not exempt religious organizations from discriminating on the basis of sexual orientation.  Even if Plaintiffs obtain the injunction sought, it will not remedy their concerns.  After all, based on Mr. Harris' Declaration, he would not rent his church to a gay person for the purpose of conducting a funeral for that person's long-time same sex partner.  Stopping the issuance of civil union licenses would do nothing to remedy that problem, since Mr. Harris would still be liable for damages due to his discriminatory conduct.

As set forth above, no one has sought to rent the Plaintiffs' premises for the purpose of conducting a civil union ceremony or reception.  No one has threatened to sue.  Plaintiff is arguing that if a number of contingencies come to pass in the future then they may become liable for monetary damages.  The civil union statute

specifically exempts persons from liability for refusing to conduct civil unions.  It does not, nor should it, exempt religious organizations from liability for discrimination when they are participating in a non-religious activity, such as renting out their premises.  Defendants assert that because there is no case-or-controversy, this Court lacks subject matter jurisdiction.  This Court should advise Plaintiffs to come back when, and if, their fears are realized.

4.     This Case is Not Ripe for Adjudication

Even if the Court determines that Plaintiffs have standing, the case is not ripe for adjudication.  Ripeness is an independent requirement for judicial review. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495 (10th Cir. 1995).  It asks whether the case has been brought at a point so early that it is not year clear whether a real dispute to be resolved exists between the parties.  *Restigouche, Inc. v. City of Jupiter*, 59 F.3d 1208, 1212 (11th Cir. 1995).  It is the burden of the plaintiff to allege facts demonstrating the appropriateness of invoking judicial resolution of the dispute.  *Renne v. Geary*, 501 U.S. 312 (1991).  The ripeness doctrine dictates that courts will not decide abstract issues or hypothetical facts. *See Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3rd Cir. 1992) (ruling on federal constitutional matters in advance of necessity of deciding them is to be avoided).

The critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all.  See *New Mexicans for Bill Richardson, supra* (in determining fitness, central focus is whether case involves uncertain or contingent future events).  A case is not ripe where the threatened injury is contingent.  *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 71-73 (1st Cir. 2003) (disabled woman sought to compel hospital to render its after-birth recovery area wheelchair accessible in anticipation of a future pregnancy).

In making a ripeness determination, courts will also examine the hardship that the parties would endure if consideration of the issue were withheld on grounds that the controversy was not ripe.  *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979).  The threat of a civil enforcement action is not considered a hardship.  *See Lee v. Oregon, supra*.

Normally, both criteria must be satisfied.  *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967).  Courts are particularly vigilant when constitutional issues are at issue.  *See Gun Owners' Action League, Inc. v. Swift*, 284 F.3d 198 (1st Cir. 2002).

Again, as set forth above, Plaintiffs' fears are just that, fears.  This Court should decline to rule on a hypothetical question.  Federal district courts do not sit to act as "super legislatures" for the purpose of re-writing laws to suit the purposes of litigants, especially where constitutional issues are in play.

5.      Plaintiffs Lack Standing to Seek Injunctive Relief Against Defendants

The Supreme Court has unequivocally stated "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citing *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968)).

The case or controversy limitation of Article III requires that a party invoking federal jurisdiction has standing – that is a "personal stake" in the outcome of an action. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691 (1962).

> Plaintiffs [must] . . . demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions. Abstract injury is not enough.  The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.

*Lyons*, 461 U.S., at 101 (quotations and citations omitted).  See also *O'Shea v. Littleton*, 414 U.S. 488 (1974).   The "[s]tanding doctrine functions to ensure . . . that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Jackson v. California Dept. of Mental Health*, 399 F.3d 1069, 1073 (9th Cir. 2005) (quoting *Friends of the Earth , Inc. v. Laidlaw Envtl. Servs. (TOC)*, Inc., 528 U.S. 167 (2000)).

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Lyons, supra* at 101

Specifically, when injunctive relief is sought, litigants must adduce a credible threat of injury. L*aDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985) (citing *Kolender v. Lawson*, 461 U.S. 352 (1983) and *Lyons*).

Plaintiffs contend that they have standing to seek injunctive relief because they have a fear that they may be "investigated; incur…attorneys fees and costs in defending [their] religious liberties; [and] be…enjoined and fined by the Hawaii Civil Rights Commission for refusing to rent [their] facilities to same sex couples." (Harris Declaration at 3). Plaintiffs' assertions fail to adduce a credible threat of future injury to establish standing to seek injunctive relief.

The Supreme Court has spoken to this threshold requirement in *Los Angeles v. Lyons, supra.*, by requiring a "sufficiently real and immediate" threat to show an existing controversy. 461 U.S. at 102. The Court in *Lyons* found that the plaintiff failed to allege a case or controversy for injunctive and declaratory relief when he failed to establish a real and immediate threat that he would again be stopped for a traffic violation (or another violation) by a police officer who would illegally choke him into unconsciousness without provocation or resistance on his part. *Id.*, at 105-106.

In *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008) the Supreme Court disapproved the Ninth Circuit's allowance of a preliminary injunction based on the possibility of irreparable harm and emphasized that a plaintiff seeking an injunction must show that irreparable harm is likely (emphasis in original, citations omitted):

> [T]he Ninth Circuit's "possibility" standard is too lenient.  Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.  Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.

As noted above, Plaintiffs have only cited a mere possibility of harm, based on the occurrence of a number of events, which may or may not occur.  This is insufficient to create standing sufficient to obtain an injunction.

6.    Plaintiffs Fail to Meet Criteria for a Temporary Restraining Order

In the Ninth Circuit a district court may issue an injunction if:  (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in the plaintiff's favor; **and** (4) the injunction is in the public interest.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2010).

A.    Plaintiffs Are Not Likely to Succeed on the Merits

Plaintiffs' argument focuses on the holding in *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000). That case is distinguishable from the present action. In *Boy Scouts*, Mr. Dale, a gay man, sought to be reinstated as a Boy Scout leader after being dismissed by the local Boy Scout counsel. The Court's decision that the Boy Scouts did not have to reinstate him was based on the Court's determination that forced inclusion of an unwanted person in a group violates that group's first amendment right of expression. The civil union bill does nothing of the sort. No one is suggesting that the civil union bill will cause the Plaintiffs' congregations to admit persons who have chosen to formalize their relationship through a civil union.

The rental of facilities to the general public is a business enterprise, not an expression of religious beliefs. As such, it is certainly not a protected activity covered by the First or Fourteenth Amendments, and does not give Plaintiffs the license to discriminate. The *Boy Scout* Court noted:

> In *Hurley* [*v. Irish-American Gay, Lesbian and Bisexual Group of Boston,* 515 U.S. 557 (1995)], we said that public accommodations laws "are well within the State's usual power to enact when a legislature has reason to believe that a given group is the target of discrimination, and they do not, as a general matter, violate the First or Fourteenth Amendments."

*Id*. at 658.

Plaintiffs cannot seriously contend they can now refuse to rent their facilities to same sex couples, while renting the same to heterosexual couples, despite the fact that the civil union bill has not yet been enacted.  The State of Hawaii has chosen, as a matter of public policy, to ensure that sexual orientation is not an acceptable basis for discrimination.

Plaintiffs are very unlikely to prevail on the merits in this matter, since the Supreme Court has approved anti-discrimination laws where the activities involved are not protected by the First and Fourteenth Amendments.

B.    Plaintiffs Have an Adequate Remedy at Law

Plaintiffs' alleged injury will be the payment of fines and/or attorneys' fees should they decide to violate the civil rights of same-sex couples.  Assuming that the State is considered liable to Plaintiffs at a later time, Plaintiffs clearly have an adequate remedy at law—monetary damages.  *See Van Arsdale v. Texas A&M Univ.,* 628 F.2d 344 (5th Cir. 1980) (preliminary injunction was properly denied when plaintiff could otherwise be compensated by receipt of back pay and reinstatement of teaching position).  Generally speaking, if all we are discussing is monetary damages, then Plaintiffs will always have an adequate remedy at law.

C.    The Balance of Hardships Favors the State

In assessing the balance of hardships between plaintiff and defendant, this Court must also consider the harm to non-parties.  *Ward v. Walsh*, 1 F.3d 873, 879-

880 (9th Cir. 1993) (safety and welfare of non-parties was potentially harmed by award of injunctive relief)  As this Court is aware, recent news reports indicate that there are numerous persons, both Hawaii residents, and residents of other states and countries ready to solemnize their civil unions in the near future.  Presumably, these persons have already made arrangements, such as travel to and from Hawaii, lodging, choice of a person to perform the ceremony, post-ceremony celebrations, and a post ceremony honeymoon.  To stop all of this at the last minute would harm innocent persons, both financially and emotionally.  It is certainly cruel for Plaintiffs to wait until this late date to bring this action, knowing full well that many, many people have been looking forward to civil unions since the Governor signed it into law more than 10 months ago.

Assuming that civil unions are allowed to be solemnized in Hawaii, Plaintiffs, at worst, would be required to rent their facilities to same-sex couples in the same manner as they would rent them to heterosexual couples.  That hardly seems to be a burden, despite Plaintiffs' belief to the contrary.  After all, is it such a burden to ensure all persons are treated fairly and with dignity?  The State does not believe it is, and is hopeful this Court will agree.

D.     The Public Interest Favors the State

As this Court is aware, the creation of civil unions was milestone for the State of Hawaii.  It has been greeted with great fanfare, not only in this state, but

across the country.  As noted above, recent news reports have indicated that this

State expects an influx of visitors to participate in civil unions.  This State's

economy depends on tourism.  It also depends on goodwill and word-of-mouth to

bring in new visitors and repeat business.  It is certainly not in the public interest to

shut down the implementation of civil unions two days before they are to start.

Clearly, such a move would be devastating to Hawaii's tourism industry, and to the

State of Hawaii as a whole.  This factor is not even close.  Notably, Plaintiffs have

not addressed this issue in their moving papers, and appear to not have considered

how the issuance of the injunction they seek would wreak havoc on our islands'

economies, the State's goodwill, and the State's future as a whole.

7.   <u>Conclusion</u>

This Court should deny Plaintiffs' Motion because:

- The Court lacks the subject matter jurisdiction to entertain Plaintiffs' Motion;

- This case is not ripe for adjudication;

- Plaintiffs lack standing to obtain injunctive relief;

- Plaintiffs fail to meet criteria for a temporary restraining order;

- Plaintiffs are not likely to succeed on the merits;

- Plaintiffs have an adequate remedy at law;

- The balance of hardships favors the State; and

- The public interest favors the State

DATED: HONOLULU, HAWAII, DECEMBER 29, 2011

_____/s/John F. Molay_____
JOHN F. MOLAY
Deputy Attorney General

Attorney for Defendants
NEIL ABERCROMBIE,
LORETTA J. FUDDY and
STATE OF HAWAII